UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL GALBRAITH | CIVIL ACTION NO. |
| VERSUS | 19-181-JWD-EWD |
| TIMOTHY HOOPER, ET AL. | |

## RULING

This matter comes before the Court on *Emergency Motion for Stay of Judgment and Release Order Pending Appeal* (Doc. 23) and *Ex Parte Motion for Expedited Hearing* (Doc. 24) filed by Timothy Hooper, Warden of Louisiana State Penitentiary. Samuel Galbraith pled guilty in 2000 in Vernon Parish to manslaughter and attempted aggravated rape, receiving a total sentence of seventy-one (71) years. On November 3, 2016, the Louisiana Board of Pardons and Parole ("Parole Board") voted unanimously to grant parole to Galbraith. On April 21, 2017, three days before he was scheduled to be released, Galbraith's parole was rescinded. The reason provided by the Parole Board was both untrue and unauthorized. Galbraith filed a petition with this Court for habeas corpus relief, claiming that the rescission of his parole violated his due process rights (Doc. 1). The Court granted relief, ordering that Respondent release Galbraith within thirty days pursuant to the terms set by the Parole Board on November 3, 2016 (Docs. 16, 18, 19). Respondent now seeks a stay of that order pending appeal. The motion for stay is **DENIED** for the following reasons.

The determination whether to permit a stay pending the appeal of a decision granting habeas relief is governed by the standard set forth in *Hilton v. Braunskill,* 481 U.S. 770 (1987).

Fed. R.App. P. 23(c) creates a presumption of release from custody, but the presumption may be overcome if a judge "otherwise orders." *Hilton,* 481 U.S. at 774.

In addition to the language of Rule 23, the decision as to whether to grant a stay should also be guided by the general rules governing civil stays, Fed.R.Civ.P. 62 and Fed.R.App.P. 8, regulated by the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Hilton,* 481 U.S. at 776. The presumption in favor of release of the petitioner may be overcome if these traditional stay factors "tip the balance against it." *Id.* at 777.

In addition to these traditional stay factors, the Supreme Court directed that other factors be considered: the possibility of flight; the risk that a prisoner will pose a danger to the public if released, if the state establishes such a risk; and the state's interest in continuing custody and rehabilitation pending a final determination of the case on appeal. *Id.* This last interest is "strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* The final factor to be considered is the interest of the habeas petitioner in his release pending appeal, which is "always substantial" and strongest when other factors are weakest. *Id.*

## *Application of the Stay Factors*

**(1) Whether Galbraith has made a Strong Showing he is Likely to Succeed on the Merits**

2

The Court does not agree with Respondent's argument that it has made a showing of strong likelihood of success on appeal. The Court carefully considered Respondent's argument that Galbraith's claim was unexhausted before adopting the Magistrate Judge's Report and Recommendation. Respondent argues that *Sneed v. Hooper*, 2021-01863 (La. 12/15/21), 328 So.3d 1165, is authority for the proposition that Galbraith's claim is unexhausted. *Sneed* is distinguishable on the operative facts. Bobby Sneed argued that he was entitled to the due process protections of a proper revocation hearing because, *inter alia*, his release date passed before the Parole Board rescinded his parole (21-cv-704; Doc. 16-1 pp. 23-27).[1] The denial of a revocation hearing is the only Parole Board decision that is subject to judicial review under La. R.S. 15:574.11. The State of Louisiana responded to Sneed's petition by filing an *Exception of No Cause of Action*. The State characterized Sneed's claim as "denial of parole" and argued that the petition was barred by La. R.S. 15:574.11 and not subject to judicial review (21-cv-704; Doc. 13-1, pp. 3-5).[2] On appeal, the Louisiana Supreme Court agreed that Sneed was entitled to a revocation hearing because his parole was rescinded after his release date passed. *Sneed, supra*.[3] Here, Galbraith's parole was rescinded before his release date. The holding in *Sneed* is limited by its facts and the sole exception to the Louisiana statute that prohibits judicial review of all Parole Board decisions except the denial of a revocation hearing.

Next, Respondent argues that the Court erred in granting habeas relief because it failed to adhere to AEDPA's deferential standard of review. Respondent argues that the Court is required

---

[1] Sneed also argued that his parole was unlawfully rescinded by the Parole Board (21-cv-704; Doc. 16-1, pp. 21-23).
[2] The State of Louisiana does not explain why it now takes the position that judicial review is available to Galbraith when it argued that judicial review was not available to Sneed, who was stating a claim under the express exception to La. R.S. 15:574.11.
[3] After the Louisiana Supreme Court held that Sneed was entitled to a revocation hearing, the State of Louisiana filed a Motion for Rehearing, arguing that the opinion was based on "materially false allegations as proven fact," including the fact that Sneed was held past his release date (21-cv-704; Doc. 13-8). The Application for Rehearing was denied (Doc. 13-9). The State of Louisiana does not explain why it now attempts to rely on an opinion it previously asserted to be based on materially false facts.

3

to defer to the Parole Board's decision to rescind Galbraith's parole (Doc. 32-1 p. 7). The Court disagrees. AEDPA deference under 28 U.S.C. § 2254(d) extends to federal claims that have been "adjudicated on the merits in State court proceedings." The Parole Board does not have the authority to adjudicate questions of law.[4] Furthermore, the Parole Board decision to rescind Galbraith's parole cannot simultaneously be the offending act and the state court decision that adjudicated whether that act violated federal constitutional rights. Galbraith's claim has not been adjudicated by the Louisiana state courts. This fact is conceded by Respondent in the argument that the claim in unexhausted. Respondent's argument that the Court failed to adhere to the AEDPA standard of review is without merit and does not justify a stay. The Court employed the appropriate standard of review. See *Panetti v. Davis*, 863 F.3d 366, 374 (5th Cir. 2017) (The standard of review is *de novo* when the state courts have not adjudicated the merits of a petitioner's claim).

The remainder of Respondent's arguments challenging the merits of Galbraith's claim are duplicative of those considered by the Court before adopting the Report and Recommendations. Respondent has made no showing of likely success on appeal, let alone a *strong* showing required for a stay order.

**(2) Whether the Stay Applicant Will be Irreparably Injured Absent a Stay**

Respondent argues that Galbraith's release will irreparably injure the State of Louisiana because of the nature of the crime and the sentence imposed. This argument is unavailing. Respondent contends that Louisiana has an interest in Galbraith's continued custody and rehabilitation. However, the State of Louisiana, through the Parole Board, determined by unanimous vote on November 3, 2016 that Galbraith was rehabilitated to the point that he should

---

[4] The authority granted to the Parole Board through its enabling statutes, La. R.S. 15:574.2 *et seq.*, does not include adjudication of questions of law.

be released on parole. Respondent provides the Court with zero evidence that circumstances have changed since 2016 to the extent that Galbraith now presents a danger to the community and should not be released pending appeal. Respondent's argument regarding Galbraith's risk of flight is conclusory, speculative, and lacks supporting evidence. Respondent's contention that the Court ordered release to Texas is also insufficient to justify a stay. The Court merely reinstated the terms imposed by the Parole Board on November 3, 2016. Those terms included residency in Texas. Respondent has offered no evidence that Texas has refused to accept an interstate compact agreement. The record reflects that Texas accepted Galbraith's interstate compact in 2017 with every stipulation requested by Louisiana (Doc. 15-1 at 87-91; 15-2 at 166).

**(3)  Whether Issuance of the Stay Will Substantially Injure the Other Parties Interested in the Proceeding**

The U.S. Supreme Court considers a successful habeas petitioner's interest in release to be "always substantial," and strongest where other factors, in particular the state's likelihood of success on appeal or demonstration of a substantial case on the merits, are weakest. *Hilton,* at 777-778. As discussed above, this Court does not find that the state has made a showing of a strong likelihood of success on appeal. The Court feels this factor weighs heavily in favor of Galbraith.

**(4)  The Public Interest**

The single factor the Court finds to be in favor of Respondent concerns the length of the sentence remaining for Galbraith, who was sentenced to a seventy-one-year term. This fact, standing alone, is not sufficient to overcome the presumption of release in this case.

**IT IS ORDERED**, that the *Emergency Motion for Stay of Judgment and Release Order Pending Appeal* (Doc. 23) is **DENIED**.

5

**IT IS FURTHER ORDERED**, that the *Ex Parte Motion for Expedited Hearing* (Doc. 24) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on <u>April 19, 2022</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**